UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BERNABE ENCARNACION,

                        **Plaintiff,**

  vs.                                                   9:21-cv-986
                                                                 (MAD/TWD)

LT. CONNORS, *Shawangunk Correctional Facility*;
VITARIUS, *C.O., Shawangunk Correctional Facility*;
OLIVO, *C.O., Shawangunk Correctional Facility*;
CORRECTIONS SERGEANT JOHN DOE #1;
JOHN/JANE DOE #s 2-7, *corrections officers on hospital suicide watch between July 7 and July 10, 2018*; and JOHN DOE #s 8-12, *SHU corrections officers*,

                        **Defendants.**

---

**APPEARANCES:**                                   **OF COUNSEL:**

**BERNABE ENCARNACION**
91-B-0943
Attica Correctional Facility
Box 149
Attica, New York 14011
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**               **NICHOLAS W. DORANDO, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    On September 3, 2021, Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision, commenced this action pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. Following an initial review of the complaint, Plaintiff's

remaining claims include a First Amendment retaliation claim against Defendant Vitarius, and Eighth Amendment conditions of confinement claims against Defendants Connors, Olivo, and Vitarius. *See* Dkt. No. 8 at 17-21, 27, 33.

On January 18, 2023, Defendants moved for summary judgment. *See* Dkt. No. 24. In an August 7, 2023 Order and Report-Recommendation, Magistrate Judge Dancks recommended that the Court grant in part and deny in part Defendants' motion. *See* Dkt. No. 32. Specifically, Magistrate Judge Dancks recommended as follows: (1) the Eighth Amendment conditions of confinement claims against Defendant Connors be dismissed; (2) the First Amendment retaliation claim against Defendant Vitarius be dismissed; (3) the Eighth Amendment harassment claims against Defendants Olivo and Vitarius be dismissed; (4) the Eighth Amendment conditions of confinement claims against Defendants Olivo and Vitarius regarding the alleged tampering with Plaintiff's meals, the denial of laundry, and the denial of Plaintiff's cane and medical boots be dismissed; and (5) the Eighth Amendment conditions of confinement claims against Defendants Olivo and Vitarius regarding the alleged denial of showers and recreation proceed to trial. *See id.* at 33-34.

Currently before the Court is Magistrate Judge Dancks' Order and Report-Recommendation and Plaintiff's objections thereto.

## II. BACKGROUND

For a complete recitation of the relevant background, the Court refers the parties to Magistrate Judge Dancks' Order and Report-Recommendation.

## III. DISCUSSION

**A.     Standard of Review**

When a party files specific objections to a magistrate judge's report-recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he] presented to the magistrate judge," the court reviews those recommendations for clear error only. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36–37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56 (c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to

3

evidence in the record support the movant's assertions. *See Giannullo v. City of New York.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553–54 (2d Cir. 2005) (quotation omitted). "However, '[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Id.* (quoting *Anderson*, 477 U.S. at 252 (emphasis and alterations in original)). "To defeat summary judgment, therefore, nonmoving parties 'must do more than simply show that there is some metaphysical doubt as to the material facts,' ... and they 'may not rely on conclusory allegations or unsubstantiated speculation.'" *Id.* (quotations omitted).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment." *Kotler v. Fischer*, No. 9:09-CV-01443, 2012 WL 929823, *12 (N.D.N.Y. Mar. 19, 2012) (citations omitted). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *Lee v.*

4

*Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

B.    **Personal Involvement of Defendant Connors**

In his objections, Plaintiff contends that Magistrate Judge Dancks erred in recommending that the Court should dismiss his Eighth Amendment conditions of confinement claims against Defendant Connors for his lack of personal involvement. *See* Dkt. No. 33 at 2-4. Specifically, Plaintiff alleges that not only was Defendant Connors aware of the constitutional violations he experienced "and failed to step in[,] fix or stop it, but also he personally ordered and witnessed the constitutional violations Plaintiff experienced." *Id.* at 2. Plaintiff contends that the evidence demonstrates that Defendant Connors knew that he had no bed, toilet or running water while housed in the Special Housing Unit ("SHU"), yet failed to stop these ongoing violations. *See id.*

It has long been established that there is no *respondeat superior* or vicarious liability in suits under Section 1983. *See, e.g.*, *Littlejohn v. City of New York*, 795 F.3d 297, 314-15 (2d Cir. 2015). Rather, the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006).

Previously, courts in this circuit applied a five-factor test set forth in *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995), for determining whether a supervisory official was personally involved in a constitutional violation. *See, e.g.*, *Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014); *Briglin v. Morley*, No. 19-CV-6927, 2020 WL 4059110, *2 (W.D.N.Y. July 20, 2020). In *Tangreti v. Bachmann*, 983 F.3d. 609, 620 (2d Cir. 2020), however, the Second Circuit held that "[f]ollowing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), courts may not apply a special rule for supervisory liability. Rather, the plaintiff must directly plead and

5

prove that 'each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti*, 983 F.3d at 612 (quoting *Iqbal*, 556 U.S. at 676). The Second Circuit explained that "'[t]he factors necessary to establish a [§ 1983] violation will vary with the constitutional provision at issue' because the elements of different constitutional violations vary," *id.* at 618 (quoting *Iqbal*, 556 U.S. at 676), but stated that "[t]he violation must be established against the supervisory official directly." *Id.*

Here, Magistrate Judge Dancks correctly determined that Defendant Connors, a lieutenant, was not personally involved in any of the alleged constitutional violations. Due to his rank, Defendant Connors was not responsible for confirming callouts or conducting escorts to showers and recreation. Dkt. No. 24-3 at 3. Nor was he responsible for collecting laundry or receiving, delivering, and/or inspecting Plaintiff's food. *See id.* at 3, 6. Further, Plaintiff does not allege, beyond general conclusory allegations, that Defendant Connors took part in tampering with his food or denying him showers, recreation, laundry, his medical boots, and his cane. *See* Dkt. No. 1 at 6-7. While Plaintiff generally alleges that Defendant Connors was aware of this activity due to the grievances he filed, as Magistrate Judge Dancks correctly noted, mere knowledge, and even failure to correct such behavior, is not enough to constitute personal involvement in the alleged violations. *See Tangreti*, 983 F.3d at 616-17; *see also Harrison v. Broderick*, No. 18-cv-821, 2022 WL 16837366, *11 (W.D.N.Y. Aug. 18, 2022).

Accordingly, the Court finds that Magistrate Judge Dancks correctly determined that Plaintiff's conditions of confinement claims against Defendant Connors must be dismissed for lack of personal involvement.

C.  **Eighth Amendment Conditions of Confinement Claims**

   *1. Food Tampering and Kosher Meals*

Plaintiff asserts Eighth Amendment conditions of confinement claims against Defendants Olivo and Vitarius for allegedly tampering with his kosher meals. *See* Dkt. No. 1 at 6-7. Plaintiff claims that Defendants Olivo and Vitarius, and other unidentified corrections officers "opened his kosher meal trays and each food items [sic] in his kosher meals 3 times a day." *Id.* at 6. According to Plaintiff, "[a]s soon as they open it, that food is no longer Kosher." Dkt. No. 24-6 at 22. Plaintiff further claims that Defendants Olivo and Vitarius microwaved and heated up "everything inside his kosher tray" including "cold cereal, fresh fruits – banana, apple or orange and cold sal[a]d daily" making the food "unconsumable." Dkt. No. 1 at 7. In his objections, Plaintiff contends that Magistrate Judge Dancks improperly found that Plaintiff failed to submit evidence that the food tampering endangered his health or that the removal of the plastic covering was otherwise actionable under the Eighth Amendment. *See* Dkt. No. 33 at 5-6.

Initially, the Court finds that Magistrate Judge Dancks correctly determined that Plaintiff's claims that all of his food was microwaved and was therefore "unconsumable" fails to rise to the level of an Eighth Amendment violation because this food did not present an immediate danger to his health and well-being. *See Dove v. Broome Cty. Corr. Fac.*, No. 9:10-cv-2, 2011 WL 1118452, *11 (N.D.N.Y. Feb. 17, 2011). Further, the denial of kosher food does not necessarily rise to an Eighth Amendment violation. *See Ackridge v. Aramark Corr. Food Servs.*, No. 16-cv-6301, 2018 WL 1626175, *20 (S.D.N.Y. Mar. 30, 2018); *Ward v. Goord*, No. 9:06-cv-1429, 2009 WL 102928, *7 (N.D.N.Y. Jan. 13, 2009). In his grievance complaining about the alleged tampering with his food, Plaintiff complained the corrections officers were tampering with his kosher meals by removing the plastic wrappers "somewhere outside [his] presence" thus making the food non-kosher. *See* Dkt. No. 24-3 at 62. In response, Superintendent Collado explained that the cellophane used around the kosher trays is not allowed in the SHU and is therefore

7

removed.  *See* Dkt. No. 1 at 53.  However, the "food inside the tray is still wrapped and the meal is considered Kosher." *Id.*  As Magistrate Judge Dancks correctly notes, even if the food was not, in fact, kosher and "plaintiff may claim that he did not eat the non-kosher meals provided to him[,] such a claim, while perhaps cognizable under the First Amendment or the [Religious Land Use and Institutionalized Persons Act], does not also implicate cruel and unusual punishment in violation of the Eighth Amendment." *Dove*, 2011 WL 1118452, at *11.  Moreover, Plaintiff acknowledged that he still ate some of the food provided to him.  *See* Dkt. No. 24-6 at 24.

Accordingly, the Court finds that Magistrate Judge Dancks correctly recommended granting Defendants' motion for summary judgment as to Plaintiff's conditions of confinement claim relating to food tampering and denial of kosher meals.

### 2. Denial of Laundry

In his complaint, Plaintiff alleges that, during his sixty days in the SHU, Defendant Olivo and Vitarius refused to pick up his laundry.  *See* Dkt. No. 1 at 6, 16.  Plaintiff argues that Magistrate Judge Dancks erred in recommending that this claim be dismissed.  *See* Dkt. No. 33 at 6-7.

Upon review, the Court finds that Defendants are entitled to summary judgment on this claim.  Defendants established that requests for laundry service were taken every Monday morning for prisoners in the SHU and that Defendant Olivo only worked one Monday, while Defendant Vitarius worked two Mondays during Plaintiff's SHU confinement.  *See* Dkt. No. 24-2 at 13; Dkt. No. 24-4 at 3, 30, 34, 35; Dkt. No. 24-5 at 3, 30.  Plaintiff has failed to demonstrate that the failure to provide laundry services during those three weeks posed a serious risk to Plaintiff's health.  *See Zelinski v. Annucci*, 547 F. Supp. 3d 227, 236 (N.D.N.Y. 2021).  Moreover, Plaintiff failed to allege in his complaint or during his deposition testimony that he was unable to

8

wash his clothes in his cell and only makes this argument in response to Defendants' motion for summary judgment, which Magistrate Judge Dancks properly declined to consider in analyzing this claim. *See Feldman v. Sanders Legal Grp.*, 914 F. Supp. 2d 595, 600 n.5 (S.D.N.Y. 2012).

Accordingly, the Court finds that Defendants are entitled to summary judgment as to Plaintiff's conditions of confinement claim relating to the denial of laundry.

### 3. Denial of Cane and Medical Boots

The Court further agrees with Magistrate Judge Dancks that the denial of Plaintiff's medical boots and cane did not, in and of itself, trigger a constitutional violation. *See Curtis v. Lucia*, No. 9:15-cv-718, 2015 WL 13948917, *7-8 (N.D.N.Y. Aug. 4, 2015); *Trapani v. Annucci*, No. 9:21-cv-681, 2022 WL 7290107, *10 (N.D.N.Y. June 21, 2022). Moreover, even if these denials did meet the objective prong of the Eighth Amendment test, Plaintiff failed to put forth any evidence demonstrating that Defendants acted with a wanton state of mind. *See Vaughan v. Erno*, 8 Fed. Appx. 145, 146-47 (2d Cir. 2001). Plaintiff's conclusory objections to this aspect of Magistrate Judge Dancks' Order and Report-Recommendation do not provide any further support as to these claims.

Accordingly, the Court grants Defendants' motion for summary judgment on these claims.[1]

### D.     Harassment

In his complaint, Plaintiff alleges that Defendants Olivo and Vitarius "harass[ed] him every time they pass[ed] in front of his cell. *See* Dkt. No. 1 at 6. "It is well established in the

---

[1] The Court agrees with Magistrate Judge Dancks Defendants are not entitled to summary judgment on Plaintiff's Eighth Amendment claim relating to the alleged denial of exercise and showers while housed in the SHU. Notably, Plaintiff alleges the refusal to provide him with his medical boots and cane made it so that he was unable to walk to these activities.

Second Circuit that verbal harassment of inmates by prison officials, unaccompanied by any injury – no matter how inappropriate, unprofessional, or reprehensible it might seem – does not rise to the level of a violation of the Eighth Amendment." *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 490 (N.D.N.Y. 2009). Similarly, threats, unaccompanied by any injury, do not amount to a such a violation. *See id.*

As Magistrate Judge Dancks correctly determined, Plaintiff has not demonstrated that, at any point, Defendants Olivo's and Vitarius' harassment caused him more than *de minimis* psychological injuries. Accordingly, the Court grants this aspect of Defendants' motion for summary judgment.

**D.    Retaliation**

In his complaint, Plaintiff alleges that Defendant Vitarius microwaved all the food on his kosher tray and threw out his medical boots in retaliation for Plaintiff filing grievances against him. *See* Dkt. No. 1 at 7-8, 14-15, 53. Magistrate Judge Dancks correctly determined that Defendants are entitled to summary judgment as to this claim because Plaintiff failed to show that Defendant Vitarius took an adverse action against him or that there was a causal action between the protected speech and the adverse action. *See Roseboro v. Gillespie*, 791 F. Supp. 2d 353, 366 (S.D.N.Y. 2011) (quotation omitted). Specifically, Plaintiff has failed to put forth any evidence demonstrating that Defendant Vitarius ever had actual possession of Plaintiff's medical boots. Further, the record demonstrates that the remainder of Plaintiff's possessions were returned to him when he left the SHU, which "suggests that there was no intentional act on any particular person's part to lose or destroy his property." *Key v. Toussaint*, 660 F. Supp. 2d 518, 526 (S.D.N.Y. 2009).

Accordingly, the Court grants this aspect of Defendants' motion for summary judgment.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, Magistrate Judge Dancks' Order and Report-Recommendation, the parties' submissions and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Dancks' August 7, 2023 Order and Report-Recommendation (Dkt. No. 32) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 24) is **GRANTED in part and DENIED in part**;[2] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 18, 2023
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[2] As a result of this Memorandum-Decision and Order, the only remaining claim is Plaintiff's Eighth Amendment conditions of confinement claim against Defendants Olivo and Vitarius regarding the alleged denial of showers and recreation.