**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BERNABE ENCARNACION,**

                                         **Plaintiff,**

          **vs.**
                                                              **9:21-CV-986**
                                                              **(MAD/TWD)**

**CHRISTOPHER OLIVO and**
**DALE VITARIUS,**

                                         **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**BERNABE ENCARNACION**
91-B-0943
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582
Plaintiff, _pro se_

**OFFICE OF THE NEW YORK**          **NICHOLAS W. DORANDO, AAG**
**STATE ATTORNEY GENERAL**          **MARK G. MITCHELL, AAG**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

          Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging that Defendant

Corrections Officers Christopher Olivo and Dale Vitarius denied him access to the shower and

recreation for sixty days while housed in the Special Housing Unit at Shawangunk Correctional

Facility in violation of the Eighth Amendment.  _See_ Dkt. No. 1.  Following a three-day jury trial,

Defendants were found not to have violated Plaintiff's constitutional rights.  *See* Dkt. No. 87.

Plaintiff moved, *pro se*, for a new trial, *see* Dkt. No. 89, which the Court denied on November 1,

2024.  *See* Dkt. No. 109.  As part of the Court's decision, it also granted Defendants' bill of costs,

over Plaintiff's objections.  *See* Dkt. Nos. 90, 97, 109.

     Presently before the Court is Plaintiff's motion for reconsideration of the Court's

November decision solely as it relates to Defendants' bill of costs.  *See* Dkt. No. 111.  Defendants

respond in opposition.  *See* Dkt. No. 113.  For the following reasons, Plaintiff's motion is denied.

## II. DISCUSSION

     Local Rule 60.1 provides that "[u]nless otherwise provided by the Court, by statute or rule

(such as Fed. R. Civ. P. 50, 52, 59 and 60), a party may file and serve a motion for

reconsideration or reargument no later than **FOURTEEN DAYS** after the entry of the challenged

judgment, order, or decree."  N.D.N.Y. L.R. 60.1.

     "'In order to prevail on a motion for reconsideration, the movant must satisfy stringent

requirements.'"  *McAnaney v. Astoria Fin. Corp.*, No. 04-CV-1101, 2008 WL 222524, \*3

(E.D.N.Y. Jan. 25, 2008) (quoting *C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y.

1995)).  The Court "recognizes only three possible grounds upon which motions for

reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the

availability of new evidence not previously available, or (3) the need to correct a clear error of

law or prevent manifest injustice."  *Maye v. New York*, No. 10-CV-1260, 2011 WL 4566290, \*2

(N.D.N.Y. Sept. 29, 2011) (quoting *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3); *see also Delaney

v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995).  A motion for reconsideration is not "an

opportunity for a losing party to advance new arguments to supplant those that failed in the prior

briefing of the issue." *Drapkin v. Mafco Consol. Group*, 818 F. Supp. 2d. 678, 697 (S.D.N.Y. 2011) (quotation and citations omitted).

"[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Relief under Rule 60 is considered "extraordinary judicial relief[.]" *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). For that reason, the motion will generally be denied unless the moving party can show that the court overlooked facts or controlling law that "might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257 (citations omitted). The Second Circuit has warned "that a Rule 60 motion 'may not be used as a substitute for appeal' and that a claim based on legal error alone is 'inadequate.'" *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (quotation and other citation omitted).

Defendants first argue that Plaintiff's motion for reconsideration should be denied as untimely. *See* Dkt. No. 113 at 3. The Court issued its prior decision on November 1, 2024, and served it on Plaintiff via regular mail to the institution where he is incarcerated. *See* Dkt. No. 109. Plaintiff's motion for reconsideration was filed on November 25, 2024, and is dated by Plaintiff, November 18, 2024. *See* Dkt. No. 111. The postage date on Plaintiff's envelope is November 20, 2024. *See id.* at 9.

"Failure to timely submit a motion for reconsideration is sufficient grounds for denial." *Harris v. New York*, No. 20-CV-8827, 2022 WL 2340451, *1 (S.D.N.Y. June 29, 2022); *see also Palmer v. Sena*, 474 F. Supp. 2d 353, 354 (D. Conn. 2007) ("A failure to timely file a motion for reconsideration may constitute sufficient grounds for denying the motion; however, courts have exercised their discretion to address even untimely motions"). Defendants are correct that Plaintiff filed his motion late. He mailed it five days after the fourteen-day deadline expired. *See*

Dkt. No. 111 at 9.  However, there is no telling when Plaintiff received the Court's decision inside of Green Haven Correctional Facility, and the Court is generally required to show a *pro se* plaintiff special solicitude.  *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("It is well established that a court is ordinarily obligated to afford a special solicitude to pro se litigants").  "[T]he degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented."  *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).  Plaintiff has filed numerous actions in this Court and is, therefore, familiar with this Court's rules.[1]  Nevertheless, because Plaintiff is *pro se* and incarcerated, and because the delay in filing was only a few days, the Court will afford Plaintiff continued special solicitude and consider the merits of his motion.

Plaintiff argues that the Court should reconsider its decision granting Defendants' bill of cost totally $1,106.03 because Plaintiff is incarcerated and makes only $2.25 per week.  *See* Dkt. No. 111 at 3.  Plaintiff attaches his account statements to the motion and asks that the Court deny Defendants' bill of costs or reduce it to $20.00.  *See id.* at 3, 6-7.  Defendants argue that Plaintiff's request for reconsideration should be denied because he "fails to identify an intervening change in controlling law, the availability of new evidence not previously available, or a clear error of law or manifest injustice that would justify reconsideration . . . ."  Dkt. No. 113 at 4.

Defendants are correct.  As explained, reconsideration is an extraordinary remedy that is reserved for rare circumstances.  *See Nemaizer*, 793 F.2d at 61.  There are three very limited grounds on which the Court can grant reconsideration and Plaintiff has not satisfied any of them.

---

[1] *See Encarnacion v. Silverberg*, No. 9:13-CV-100; *Encarnacion v. Annucci*, No. 9:15-CV-1411; *Encarnacion v. Annucci*, No. 9:18-CV-704; *Encarnacion v. Dann*, No. 9:98-CV-584; *Encarnacion v. Walker*, No. 6:95-CV-1296; *Encarnacion v. Walker*, No. 6:96-CV-329; *Encarnacion v. McGinnis*, No. 9:01-CV-586; *Encarnacion v. Bradt*, No. 9:14-CV-697.

Importantly, Plaintiff responded in opposition to Defendants' motion for a bill of costs. *See* Dkt. No. 97. He did not provide the Court with any account statements, nor did he argue that he was unable to pay the bill of costs. *See id.* In his present motion, Plaintiff provides no justification for failing to raise his argument about his inability to pay until after the Court ruled on Defendants' motion. *See* Dkt. No. 111. A motion for reconsideration is not an opportunity to relitigate issues previously before the Court. *See Shrader*, 70 F.3d at 257. Because Plaintiff has failed to establish one of the three grounds on which reconsideration can be granted, his motion is denied.

## II. CONCLUSION

After carefully reviewing the entire record in this matter, Plaintiff's submissions, Defendants' submissions, and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration (Dkt. No. 111) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 23, 2024
      Albany, New York

Mae A. D'Agostino
U.S. District Judge